FILED by DB D.C.
May 26, 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **16-60146-CR-HURLEY/HOPKINS**

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

ALAN KOSLOW and
SUSAN MOHR,

              Defendants.
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT ONE
### Conspiracy
### (18 U.S.C. §371)

Beginning on or about November 4, 2012, and continuing through on or about August 22, 2013, at Broward County, in the Southern District of Florida and elsewhere, the defendants,

ALAN KOSLOW and
SUSAN MOHR,

did knowingly and willfully combine, conspire, confederate and agree with each other to commit an offense against the United States, that is, with the intent to conceal and disguise the nature, location, source, ownership and control of property the defendants believed to be the proceeds of specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, that is, United States currency obtained from conducting an illegal gambling businesses, in violation of Title 18,

1

United States Code, Section 1955, trafficking in a counterfeit drug, in violation of Title 18, United States Code, Section 2320(a)(4), and receiving, concealing, buying, selling and otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(l).

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy for defendants ALAN KOSLOW and SUSAN MOHR to unjustly enrich themselves by obtaining fees for laundering money represented to be the proceeds of specified unlawful activity through defendant MOHR's company bank account in Fort Lauderdale.

## OVERT ACTS

In furtherance of the above-described conspiracy and to effect the object thereof, the defendants committed one or more of the following overt acts, among others, in Broward County, in the Southern District of Florida and elsewhere:

a. On or about November 4, 2012, defendant KOSLOW met with two Federal Bureau of Investigation undercover agents and agreed to provide checks written to the undercover agents in exchange for cash which was represented to be derived from illegal gambling proceeds and sales of counterfeit viagra and narcotics.

b. On or about December 20, 2012, defendants KOSLOW and MOHR agreed to launder cash from the undercover agents that the undercover agents explained were proceeds from sales of cocaine, counterfeit viagra and illegal gambling, using Mohr2GoGifts, LLC, a business located in Fort Lauderdale, Florida. They agreed to conduct several money laundering transactions for the undercover agents in separate transactions of $10,000, $10,000, $25,000 and $25,000, and thereafter to conduct $50,000 money laundering transactions on a monthly basis, in

return for a cash fee of 5% for each transaction.

 c. On or about December 21, 2012, defendant KOSLOW accepted and received $10,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

 d. On or about January 3, 2013, defendant KOSLOW caused defendant MOHR to issue check # 1158 from the business account, at Bank of America, of Mohr2GoGifts, LLC, in the amount of $9,500, which was subsequently received at the FBI covert mail drop in Chicago, Illinois, on January 9, 2013.

 e. On or about January 31, 2013, defendant KOSLOW accepted and received $10,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

 f. In or about early February 2013, defendant KOSLOW caused defendant MOHR to issue check # 1159 from the business account, at Bank of America, of Mohr2GoGifts, LLC, in the amount of $9,500, which was subsequently received at the FBI covert mail drop in Chicago, Illinois, on February 12, 2013.

 g. On or about February 13, 2013, defendant KOSLOW accepted and received $25,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

 h. On or about February 24, 2013, defendant KOSLOW caused defendant MOHR to issue three PNC Bank and Bank of America checks, in the amounts of $7,000 (check #1102), $8,000 (check #1166) and $8,750 (check #1167), for a total of $23,750, which were subsequently received at the FBI covert mail drop in Chicago, Illinois, on March 4, 2013.

 i. On or about February 27, 2013, defendant KOSLOW met with the undercover agents,

discussed laundering $50,000 a month for the next two years for the undercover agents, and explained how their attorney-client relationship would protect them.

j. On or about February 28, 2013, defendant KOSLOW accepted and received $25,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

k. On or about March 14, 2013, defendant KOSLOW caused defendant MOHR to issue four Bank of America cashier's checks, in the amounts of $9,500, $8,900, $3,600 and $1,750, for a total of $23,750, which were subsequently received at the FBI covert mail drop in Chicago, Illinois, on March 19, 2013.

l. On or about April 18, 2013, defendant KOSLOW accepted and received $50,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

m. In or about April and May, 2013, defendant KOSLOW caused defendant MOHR to issue six Bank of America, First Southern Bank and Regions Bank cashier's checks in the amounts of $9,000, $8,300, $9,500, 9,000, $4,700 and $7,000, for a total of $47,500, which were subsequently received at the FBI covert mail drop in Chicago, Illinois, on May 10, 2013.

n. On or about June 4, 2013, defendants KOSLOW and MOHR accepted and received $50,000 in cash from the undercover agents for the purpose of concealing and disguising the source, ownership and control of the cash.

o. In or about June, 2013, defendant KOSLOW caused defendant MOHR to issue six Bank of America and PNC Bank checks, in the amounts of $9,500, $7,845.16, $9,500, $8,500, $9,500 and $2,654.84, totaling $47,500, which were subsequently received at the FBI covert mail drop in Chicago, Illinois on June 18, 2013.

p. On or about August 22, 2013, defendant KOSLOW, in a hotel room in Fort Lauderdale, accepted and received $50,000 in cash, within a FedEx envelope, from the undercover agents, for the purpose of concealing and disguising the source, ownership and control of the cash.

All in violation of Title 18, United States Code, Section 371.

*Thomas J. Mulrihill for*
WIFREDO A. FERRER
UNITED STATES ATTORNEY

NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO. _____

vs.
                                **CERTIFICATE OF TRIAL ATTORNEY***
ALAN KOSLOW and
SUSAN MOHR,

         **Defendant.**
_____/   **Superseding Case Information:**

**Court Division**: (Select One)         New Defendant(s)  ___ Yes  ___ No
                                         Number of New Defendants ___
    Miami ___   Key West ___             Total number of counts ___
    FTL  _X_   WPB ___    FTP ___

       I do hereby certify that:
1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:    (Yes or No)     _No_
       List language and/or dialect    _____

4.     This case will take   _3_   days for the parties to try.

5.     Please check appropriate category and type of offense listed below:
       (Check only one)                         (Check only one)

       I     0 to  5 days   _X_           Petty       ___
       II    6 to 10 days   ___           Minor       ___
       III   11 to 20 days  ___           Misdem.     ___
       IV    21 to 60 days  ___           Felony      _X_
       V     61 days and over ___

6.     Has this case been previously filed in this District Court?    _No_   (Yes or No)
       If yes:
       Judge: _____   Case No. _____
              (Attach copy of dispositive order) No
       Has a complaint been filed in this matter?    ___   (Yes or No)
       If yes:
       Magistrate Case No.                  _____
       Related Miscellaneous numbers:       _____
       Defendant(s) in federal custody as of _____
       Defendant(s) in state custody as of  _____
       Rule 20 from the District of          _____

       Is this a potential death penalty case?   _No_   (Yes or No)

7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___Yes   _X_ No

8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___Yes   _X_ No

                                         _____
                                         NEIL KARADBIL
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Florida Bar No. 219381

Penalty Sheet(s) attached                                        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Alan Koslow

Case No:

Count #: 1

Conspiracy to Commit an Offense Against the United States

Title 18, United States Code, Section 371

* **Max.Penalty**: 5 years' imprisonment, $250,000 fine, 3 years supervised release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Susan Mohr

Case No:

Count #: 1

Conspiracy to Commit an Offense Against the United States

Title 18, United States Code, Section 371

\* **Max.Penalty**: 5 years' imprisonment, $250,000 fine, 3 years supervised release

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Alan Koslow | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Susan Mohr | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*